

# THE ATTORNEY GENERAL
## OF TEXAS

April 23, 1948
~~Austin 11, Texas~~

PRICE DANIEL
ATTORNEY GENERAL

Hon. Connally McKay
District Attorney
Seventh Judicial District
Tyler, Texas

Opinion No. V-549

Re: The legality of a person's
doing plumbing work in his
home through employees un-
der his supervision without
a State plumbing license,
and a related question.

Dear Sir:

Reference is made to your request for an opinion on the above captioned subject, from which we quote in part as follows:

"I would like an opinion from your department interpreting Section 3, subdivision (a), of the Plumbing License law of 1947, Art. 6243-101, Vernon's Annotated Civil Statutes.

"That portion of the act in question reads as follows:

"'Sec. 3. The following act, work and conduct shall be expressly permitted without license:

"'(a) Plumbing work done by a property owner in a building owned and occupied by him as his home;'

"Question: May a person do plumbing work in a building owned or occupied by him as his home by or through employees or assistants who are under his supervision and

control, or must such work be done by such
person personally?  Also, does 'building
owned or occupied by him as his home' pro-
hibit plumbing work on a building under
construction to be occupied by such person
as his home?"

The Plumbing License Law of 1947, Acts 1947, Ch.115,
p. 192, makes no mention as to whether a property owner could
use employees or assistants to do plumbing work on his own
home.  It will be necessary to read the whole Act and answer
the question in the light of the legislative intent,  Asa S.
Agar, Inc., v. Texas Underwriters, et al, 129 S. W. (2) 374,
(Civ. App., err, ref.)

The intent of the Legislature was to regulate plumb-
ing as a trade or business.  There are no words in the Act
indicating that the Legislature intended to regulate the do-
ing of a plumbing act.  Prior to the passage of the Act now
in question, the Legislature in Articles 1078, 1079, 1080,
and 1081, V. C. S., had authorized the cities of Texas to
regulate the plumbing trade or business.  Article 1078 au-
thorized a City Board of Plumbing Examiners; Article 1079
regulated the plumbers by examination and license; Article
1080 outlined the method of issuing licenses; and Article
1081 stated that a license would not issue until the appli-
cant had appeared before the city board and successfully
passed the examination.  These statutes, all of which were
repealed by the Act of 1947, were powers granted to the
cities to regulate the business of plumbing by examination
and license.  By the repeal of the enumerated statutes and
the passage of the Act, the Legislature intended to revoke
the power of regulation given to the cities and to place
this regulation of the plumbing business under a State
Board of Plumbing Examiners.  See Sec. 5 of the Act.

In Article 1076, V. C. S., the Legislature authori-
zed the passage of ordinances regulating the various acts of
plumbing.  This statute was not repealed by the Act of 1947,
and cities are passing ordinances for the regulation of the
various acts of plumbing.  The Act of 1947 takes notice that
cities will continue to exercise this power over plumbing,
not as to the plumbing trade, but as to the doing of plumb-
ing acts.  See Sec. 15 of the Act.  It was the intent of the
Legislature by the Act to leave cities with the power to regu-
late the acts of plumbing, and to take away the cities' power
to regulate the plumbing occupation, and to place that power
in the State Board of Plumbing Examiners.

The Act, at Sec. 14, states that ". . . no person, whether a master plumber, employing plumber, journeyman plumber, or otherwise, shall engage in, work at, or conduct the business of plumbing . . . except as herein specifically exempted from the provisions of this Act, unless such person is the holder of a valid license . . . and it shall be unlawful for any person, firm, or corporation to engage in or work at the business of installing plumbing and doing plumbing work except as specifically herein provided unless such installation of plumbing or plumbing work be under the supervision and control of a plumber licensed under this Act." (Emphasis added). This prohibition and penalty clause applies against one who attempts to engage in or work at the business of plumbing.

The question presented is whether the property owner's use of employees and assistants in doing plumbing work on a building owned or occupied by him as his home would constitute "engaging in or working at the business of plumbing" so as to be within the terms of the Act.

In 53 Corpus Juris Secundum 556, it is said:

"In the absence of a statute specifically so providing, the performance of a single act, or even a number of isolated acts, pertaining to a particular business or occupation does not constitute engaging in, or carrying on, such business or occupation within the meaning of a law imposing a license or tax thereon unless an intent to engage in the business is clearly apparent." (Emphasis added)

In the case of Johnson v. State of Texas, 136 S. W. (2) 837, the Court of Criminal Appeals defined the word "occupation" to mean a vocation, trade, or business in which one principally engages to make a living or obtain wealth.

In answer to your first question, we are of the opinion that the Act does not prohibit an unlicensed person from doing plumbing work in a building owned or occupied by him as his home through employees or assistants under his supervision and control, so long as none of the employees or assistants are engaged in or working at plumbing as a business.

In answer to your second question, we are of the opinion that the Act does not prohibit plumbing work by the property owner on a building under construction to be occupied by such

person as his home. To hold otherwise would imply the stage of construction to be material in a question of whether or not an unlicensed person is engaging in or working at plumbing as a trade or business. We think this has no bearing on the determination of the applicability of this Act.

## SUMMARY

The Plumbing License Law of 1947 does not prohibit an unlicensed person from doing plumbing work in or on a building owned or occupied by him as his home by or through employees or assistants under his supervision or control, so long as none of the employees and assistants are engaged in or working at plumbing as a business.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

J. E. Weeks, Jr.
Assistant

JEW:bt

APPROVED:

ATTORNEY GENERAL